IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACYCLICS LLC and | ) | |
| JANSSEN BIOTECH, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-560 (CFC) |
| | ) | |
| ZYDUS WORLDWIDE DMCC and | ) | |
| CADILA HEALTHCARE LIMITED, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Pharmacyclics LLC ("Pharmacyclics") and Janssen Biotech, Inc.

("Janssen"), (collectively, "Plaintiffs"), by their undersigned attorneys, bring this

action against Defendants Zydus Worldwide DMCC ("Zydus Worldwide") and

Cadila Healthcare Limited ("Cadila") (collectively, "Zydus"), and hereby allege as

follows:

## NATURE OF THE ACTION

1.    This action for patent infringement, brought pursuant to the patent

laws of the United States, 35 U.S.C. § 1, *et seq.*, arises from Zydus's recent

submission to the United States Food and Drug Administration ("FDA") of

Abbreviated New Drug Application ("ANDA") No. 214296 ("Zydus's ANDA").

Zydus seeks approval to market generic versions in 140 mg, 280 mg, 420 mg, and

560 mg dosage strengths of Plaintiffs' highly successful pharmaceutical product

IMBRUVICA® Tablets, prior to the expiration of United States Patent Nos. 7,514,444 ("the '444 Patent"); 8,008,309 ("the '309 Patent"); 8,476,284 ("the '284 Patent"); 8,497,277 ("the '277 Patent"); 8,697,711 ("the '711 Patent"); 8,735,403 ("the '403 Patent"); 8,754,090 ("the '090 Patent"); 8,754,091 ("the '091 Patent"); 8,952,015 ("the '015 Patent"); 8,957,079 ("the '079 Patent"); 9,181,257 ("the '257 Patent"); 9,296,753 ("the '753 Patent"); 9,725,455 ("the '455 Patent"); 10,010,507 ("the '507 Patent"); 10,106,548 ("the '548 Patent"); 10,125,140 ("the '140 Patent"); 10,213,386 ("the '386 Patent"); 10,478,439 ("the '439 Patent"); 10,653,696 ("the '696 Patent"); and 10,828,259 ("the '259 Patent").

## IMBRUVICA®

2.    IMBRUVICA® (ibrutinib) is a ground-breaking drug which covalently binds to a protein called Bruton's tyrosine kinase ("BTK"), thereby irreversibly inhibiting BTK's activity. IMBRUVICA® is available in 140 mg, 280 mg, 420 mg, and 560 mg strength tablets, and 70 mg and 140 mg strength capsules.

3.    BTK is a key signaling molecule in the pathway that leads to B-cell growth and maturation following activation of the B-cell receptor. Abnormalities in the B-cell receptor signaling pathway can lead to uncontrolled cell growth and cause cancers of the blood and bone marrow. IMBRUVICA® is the first FDA-approved BTK inhibitor.

4.     Pharmacyclics invested hundreds of millions of dollars in the development of IMBRUVICA®. Pharmacyclics partnered with Janssen to bring this revolutionary drug to patients across the United States and throughout the world. Janssen, recognizing the potential of the compound, invested hundreds of millions of dollars in the clinical development and commercialization of IMBRUVICA®.

5.     Initial clinical trials using IMBRUVICA® to treat mantle cell lymphoma ("MCL") showed that patients taking IMBRUVICA® had an observed response rate of 68%. These results led FDA to grant accelerated approval to IMBRUVICA® for the treatment of MCL in patients who had received at least one prior therapy through the new Breakthrough Therapy Designation pathway, a process that allows the FDA to grant priority review to drug candidates if preliminary clinical trials indicate that the therapy may offer substantial treatment advantages over existing options for patients with serious or life-threatening diseases. IMBRUVICA® was one of the first drugs ever to receive FDA approval via the Breakthrough Therapy Designation.

6.     IMBRUVICA® has received three additional Breakthrough Therapy Designations for three additional indications: Waldenström's macroglobulinemia; chronic lymphocytic leukemia ("CLL") or small lymphocytic lymphoma ("SLL") with a deletion of the short arm of chromosome 17 (del 17p); and chronic graft-

versus-host-disease ("cGVHD"). IMBRUVICA® is also indicated for the treatment of marginal zone lymphoma ("MZL") in patients who require systemic therapy and have received at least one prior anti-CD20-based therapy and for the treatment of CLL/SLL. For MZL and cGVHD, IMBRUVICA® represents the first FDA-approved treatment specifically for patients with these disorders.

7.     IMBRUVICA® has one of the most robust clinical oncology development programs for a single molecule in the industry, with more than 150 ongoing clinical trials. There are approximately 30 ongoing company-sponsored trials, 14 of which are in Phase 3, and more than 100 investigator-sponsored trials and external collaborations that are active around the world.

8.     IMBRUVICA® has gained widespread acceptance in the medical community with more than 200,000 patients around the world having been treated with IMBRUVICA®. In 2015, IMBRUVICA® was awarded the prestigious Prix Galien Award for Best Pharmaceutical Agent. The Prix Galien Award is considered the biomedical industry's highest accolade.

9.     The '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '455, '507, '548, '140, '386, '439, '696, and '259 Patents are listed in the Orange Book for IMBRUVICA® Tablets.

## THE RELATED LITIGATION

10.     This is a civil action for infringement of the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '455, '507, '548, '140, '386, '439, '696, and '259 Patents.

11.     Other patent infringement actions relating to these patents and IMBRUVICA® are pending in this judicial district between Plaintiffs and a number of defendants, including Zydus: *Pharmacyclics LLC et al. v. Alvogen Pine Brook LLC et al.*, Civil Action No. 19-434-CFC (involving IMBRUVICA® tablets); *Pharmacyclics LLC et al. v. Cipla Limited et al.*, Civil Action No. 18-192-CFC (the "Consolidated Capsule Action") (involving IMBRUVICA® capsules); and *Pharmacyclics LLC et al. v. Alvogen Pine Brook, LLC et al.*, Civil Action No. 20-403-CFC (involving IMBRUVICA® tablets). The defendants in these actions have submitted ANDAs seeking approval to market generic versions of IMBRUVICA® capsules or tablets.

## THE PARTIES

12.     Plaintiff Pharmacyclics LLC is a limited liability company organized and existing under the laws of the Delaware with its principal place of business at 995 East Arques Avenue, Sunnyvale, California 94085. Pharmacyclics is a wholly owned subsidiary of AbbVie Inc., a Delaware corporation with its principal place of business at 1 North Waukegan Road, North Chicago, Illinois 60064-6400.

Pharmacyclics is the assignee and owner of the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '455, '507, '548, '140, '386, '439, '696, and '259 Patents. Pharmacyclics holds New Drug Application ("NDA") No. 210563 for IMBRUVICA® Tablets.

13.    Plaintiff Janssen Biotech, Inc. is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business at 800/850 Ridgeview Drive, Horsham, Pennsylvania 19044. Janssen is a wholly owned subsidiary of Johnson & Johnson. Janssen is the exclusive licensee of the Orange Book patents for IMBRUVICA® Tablets. Janssen is engaged in the clinical development and commercialization of IMBRUVICA® Tablets and shares in the proceeds from U.S. sales of IMBRUVICA® Tablets.

14.    On information and belief, Zydus Worldwide is a company organized and existing under the laws of the United Arab Emirates, with a principal place of business at Armada Tower 2, P2, Cluster P, 9 Floor, Office 908, Al Thanyah 5, Hadaeq Mohammed Bin Rashid, Dubai, United Arab Emirates.

15.    On information and belief, Cadila is a corporation organized and existing under the laws of the Republic of India, with a principal place of business at Zydus Tower, Satellite Cross Roads, Ahmedabad-380015, Gujarat, India.

16.    On information and belief, Zydus Worldwide acts at the direction, and for the benefit, of Cadila, and is controlled and/or dominated by Cadila.

17.     On information and belief, Zydus Worldwide and Cadila collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. On further information and belief, Zydus Worldwide and Cadila are agents of one another and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length.

18.     On information and belief, Zydus caused ANDA No. 214296 to be submitted to FDA and seeks FDA approval of ANDA No. 214296.

19.     On information and belief, Zydus Worldwide and Cadila acted collaboratively in the preparation and submission of Zydus's ANDA and continue to act collaboratively in pursuing FDA approval of Zydus's ANDA and seeking to market the proposed generic ibrutinib tablets described in Zydus's ANDA (the "ANDA Products").

20.     On information and belief, Zydus intends to commercially manufacture, market, offer for sale, and sell Zydus's ANDA Products throughout the United States, including in the State of Delaware, in the event FDA approves Zydus's ANDA.

21.     On information and belief, Zydus Worldwide and Cadila rely on material assistance from one another to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of Delaware. On

information and belief, Zydus Worldwide and Cadila intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell Zydus's ANDA Products, in the event FDA approves Zydus's ANDA.

## JURISDICTION AND VENUE

22.     This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271.

23.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

24.     This Court has personal jurisdiction over Zydus because, on information and belief, Zydus, *inter alia*, has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell its ANDA Products in the State of Delaware upon approval of Zydus's ANDA.

25.     On information and belief, Zydus is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter-egos, throughout the United States and in this judicial district.

26.     Zydus has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture and/or market IMBRUVICA® for sale and use throughout the United States, including in this judicial district. On information and belief and as indicated by a letter dated March 10, 2020, sent by Zydus Worldwide to, *inter alia*, Pharmacyclics and Janssen, pursuant to 21 U.S.C. § 355(j)(2)(B), Zydus prepared and filed its ANDA with the intention of seeking to market the ANDA Products nationwide, including within this judicial district.

27.     On information and belief, Zydus plans to sell its ANDA Products in the State of Delaware, lists its ANDA Products on the State of Delaware's prescription drug formulary, and seeks Medicaid reimbursements for sales of its ANDA Products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

28.     On information and belief, Zydus knows and intends that its proposed ANDA Products will be distributed and sold in Delaware and will thereby displace sales of IMBRUVICA®, causing injury to Plaintiffs. Zydus intends to take advantage of its established channels of distribution in Delaware for the sale of its proposed ANDA Products.

29.     Zydus Worldwide has engaged in patent litigation concerning FDA-approved drug products in this judicial district and has not contested personal jurisdiction or venue in such litigation in this judicial district. *See UCB, Inc. v. Zydus Worldwide DMCC, et al.*, C.A. No. 16-1023, D.I. 15 (D. Del. Feb. 27, 2017).

30.     Cadila regularly engages in patent litigation concerning FDA-approved drug products in this judicial district and has not contested personal jurisdiction or venue in such litigation in this judicial district. *See, e.g.*, *Millennium Pharmaceuticals, Inc. et al. v. Zydus Pharmaceuticals (USA) Inc. et al.*, C.A. No. 17-423, D.I. 9 (D. Del. May 24, 2017); *Pfizer Inc. et al. v. Zydus Pharmaceuticals (USA) Inc. et al.*, C.A. No. 17-214, D.I. 13 (D. Del. June 5, 2017); *Sanofi-aventis US LLC et al. v. Zydus Pharmaceuticals (USA) Inc. et al.*, C.A. No. 17-034, D.I. 9 (D. Del. Apr. 10, 2017); *Astellas Pharma Inc. et al. v. Zydus Pharmaceuticals (USA) Inc. et al.*, C.A. No. 16-1167, D.I. 11 (D. Del. Feb. 27, 2017); *Upsher-Smith Laboratories Inc. v. Zydus Pharmaceuticals (USA) Inc. et al.*, C.A. No. 16-00248, D.I. 15 (D. Del. Oct. 31, 2016).

31.     Zydus Worldwide and Cadila have not contested personal jurisdiction in this judicial district in its Answer to the original complaint in this action, and in the Consolidated Capsule Action and cases thereof. *See* D.I. 13, Answer ¶ 24 ("Zydus does not contest this Court's personal jurisdiction over Zydus");

C.A. No. 18-192, D.I. 126, Answer to First Am. Compl. ¶¶ 45 ("Zydus . . . avers that it does not contest this Court's personal jurisdiction over Zydus."), 46 ("Cadila . . . avers that it does not contest this Court's personal jurisdiction over Cadila."), D.I. 225, Answer to Second Am. Compl. ¶¶ 34, 35 (same); C.A. No. 18-275, D.I. 15, Answer ¶¶ 45 ("Zydus . . . avers that it does not contest this Court's personal jurisdiction over Zydus Worldwide."), 46 ("Cadila . . . avers that it does not contest this Court's personal jurisdiction over Cadila."); C.A. No. 19-143, D.I. 10, Answer ¶ 26 ("Zydus . . . avers that it does not contest this Court's personal jurisdiction over Zydus Worldwide.").

32.     Zydus Worldwide and Cadila have invoked the jurisdiction of this judicial district as a Counterclaimant in this action, and in the Consolidated Capsule Action and cases thereof. *See* D.I. 13, Counterclaims ¶ 6; C.A. No. 18-192, D.I. 126, Counterclaims ¶ 6, D.I. 225 Second Am. Counterclaims ¶ 7; C.A. No. 18-275, D.I. 15, Counterclaims ¶ 5; C.A. No. 19-143, D.I. 10, Counterclaims ¶ 7.

33.     Alternatively, this Court has personal jurisdiction over Zydus Worldwide and Cadila because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) Zydus Worldwide and Cadila are foreign defendants not subject to general personal jurisdiction in the courts of any state; and (c) Zydus Worldwide and

Cadila have sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of Zydus's ANDA to FDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States including in this judicial district, such that this Court's exercise of jurisdiction over Zydus Worldwide and Cadila satisfies due process.

34.    Venue is proper in this district for Zydus Worldwide pursuant to 28 U.S.C. § 1391 because, *inter alia*, Zydus Worldwide is a corporation organized and existing under the laws of the United Arab Emirates and may be sued in any judicial district. 28 U.S.C. § 1391(c)(3).

35.    Venue is proper in this district for Cadila pursuant to 28 U.S.C. § 1391 because, *inter alia*, Cadila is a corporation organized and existing under the laws of the India and may be sued in any judicial district. 28 U.S.C. § 1391(c)(3).

36.    Zydus Worldwide and Cadila have not contested venue in this judicial district in its Answer to the original complaint in this action, and in the Consolidated Capsule Action and cases thereof. *See* D.I. 13, Answer ¶¶ 34 ("Zydus Worldwide avers that it does not contest venue"), 35 ("Cadila Healthcare avers that it does not contest venue"); C.A. No. 18-192, D.I. 126, Answer to First Am. Compl. ¶¶ 48 ("Zydus Worldwide avers that it does not contest venue."), 49 ("Cadila Healthcare avers that it does not contest venue."), D.I. 225, Answer to

Second Am. Compl. ¶¶ 39, 40 (same); C.A. No. 18-275, D.I. 15, Answer ¶¶ 48 ("Zydus Worldwide does not contest venue in this District."), 49 ("Cadila does not contest venue in this District."); C.A. No. 19-143, D.I. 10, Answer ¶ 38 ("Zydus . . . avers that it does not contest venue . . . . Cadila Healthcare avers that it does not contest venue,").

## THE ASSERTED PATENTS

37.    The '444 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO") on April 7, 2009. A true and correct copy of the '444 Patent is attached hereto as Exhibit A.

38.    The '309 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on August 30, 2011. A true and correct copy of the '309 Patent is attached hereto as Exhibit B.

39.    The '284 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on July 2, 2013. A true and correct copy of the '284 Patent is attached hereto as Exhibit C.

40.    The '277 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on July 30, 2013. A true and correct copy of the '277 Patent is attached hereto as Exhibit D.

41.    The '711 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on April 15, 2014. A true and correct copy of the '711 Patent is attached hereto as Exhibit E.

42.    The '403 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on May 27, 2014. A true and correct copy of the '403 Patent is attached hereto as Exhibit F.

43.    The '090 Patent, entitled "Use of Inhibitors of Bruton's Tyrosine Kinase (BTK)," was duly and lawfully issued by the USPTO on June 17, 2014. A true and correct copy of the '090 Patent is attached hereto as Exhibit G.

44.    The '091 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on June 17, 2014. A true and correct copy of the '091 Patent is attached hereto as Exhibit H.

45.    The '015 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on February 10, 2015. A true and correct copy of the '015 Patent is attached hereto as Exhibit I.

46.    The '079 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on February 17, 2015. A true and correct copy of the '079 Patent is attached hereto as Exhibit J.

47.    The '257 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on November 10, 2015. A true and correct copy of the '257 Patent is attached hereto as Exhibit K.

48.    The '753 Patent, entitled "Crystalline Forms of a Bruton's Tyrosine Kinase Inhibitor," was duly and lawfully issued by the USPTO on March 29, 2016. A true and correct copy of the '753 Patent is attached hereto as Exhibit L.

49.    The '455 Patent, entitled "Crystalline Forms of a Bruton's Tyrosine Kinase Inhibitor," was duly and lawfully issued by the USPTO on August 8, 2017. A true and correct copy of the '455 Patent is attached hereto as Exhibit M.

50.    The '507 Patent, entitled "Pharmaceutical Formulations of a Bruton's Tyrosine Kinase Inhibitor," was duly and lawfully issued by the USPTO on July 3, 2018. A true and correct copy of the '507 Patent is attached hereto as Exhibit N.

51.    The '548 Patent, entitled "Crystalline Forms of a Bruton's Tyrosine Kinase Inhibitor," was duly and lawfully issued by the USPTO on October 23, 2018. A true and correct copy of the '548 Patent is attached hereto as Exhibit O.

52.    The '140 Patent, entitled "Crystalline Forms of a Bruton's Tyrosine Kinase Inhibitor," was duly and lawfully issued by the USPTO on November 13, 2018. A true and correct copy of the '140 Patent is attached hereto as Exhibit P.

53.    The '386 Patent, entitled "Pharmaceutical Formulations of a Bruton's Tyrosine Kinase Inhibitor," was duly and lawfully issued by the USPTO on

February 26, 2019. A true and correct copy of the '386 Patent is attached hereto as Exhibit Q.

54.    The '439 Patent, entitled "Use of Inhibitors of Bruton's Tyrosine Kinase (BTK)," was duly and lawfully issued by the USPTO on November 19, 2019. A true and correct copy of the '439 Patent is attached hereto as Exhibit R.

55.    The '696 Patent, entitled "Use of Inhibitors of Bruton's Tyrosine Kinase (BTK)," was duly and lawfully issued by the USPTO on May 19, 2020. A true and correct copy of the '696 Patent is attached hereto as Exhibit S.

56.    The '259 Patent, entitled "Pharmaceutical Formulations of a Bruton's Tyrosine Kinase Inhibitor," was duly and lawfully issued by the USPTO on November 10, 2020. A true and correct copy of the '259 Patent is attached hereto as Exhibit T.

## ZYDUS'S ANDA NO. 214296

57.    On information and belief, Zydus has submitted ANDA No. 214296 to FDA, or caused ANDA No. 214296 to be submitted to FDA, under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, or sale of ibrutinib tablets in 140 mg, 280 mg, 420 mg, and 560 mg dosage strengths as purported generic versions of IMBRUVICA® Tablets prior to the expiration of the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '455, '507, '548, '140, '386, '439, '696, and '259 Patents.

58.     On information and belief, FDA has not approved Zydus's ANDA.

59.     On information and belief, Zydus Worldwide sent Pharmacyclics a Notice Letter dated March 10, 2020 ("Notice Letter"). The Notice Letter represented that Zydus Worldwide had submitted to FDA ANDA No. 214296 and a purported Paragraph IV certification for the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '455, '507, '548, '140, '386, and '439 Patents.

60.     According to applicable regulations, Notice Letters such as Zydus Worldwide's must contain a detailed statement of the factual and legal basis for the applicant's opinion that the patent is invalid, unenforceable, or not infringed which includes a claim-by-claim analysis, describing "for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "for each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." *See* 21 CFR § 314.95(c)(7); *see also* 21 CFR § 314.52.

61.     For at least one claim of each of the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, and '439 Patents, Zydus Worldwide's Notice Letter failed to allege that Zydus's ANDA Products or the proposed administration of the Products would not meet the limitations of that claim.

62.     On March 16, 2020 (after receipt of Zydus Worldwide's Notice Letter) and repeatedly thereafter, Plaintiffs requested that Zydus produce

17

100 tablets of each dosage strength of its ANDA Products. To date, Zydus has not produced any samples of its ANDA Products despite repeated requests.

63.     After Plaintiffs initially brought the instant action, the '696 and '259 Patents were listed in the Orange Book for IMBRUVICA®. Pursuant to 21 CFR § 314.94(a)(12)(viii)(C)(1)(ii), Zydus must submit a certification for the '696 and '259 Patents in connection with Zydus's ANDA before obtaining FDA approval of the ANDA. On January 13, 2021, Zydus's counsel represented that Zydus intends to seek permission from FDA to market its ANDA Products prior to expiration of the '696 and '259 Patents. Plaintiffs bring this amended complaint to assert infringement of the '696 and '259 Patents in addition to the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '455, '507, '548, '140, '386, and '439 Patents previously asserted against Zydus.

64.     On information and belief, if FDA approves Zydus's ANDA, Zydus will manufacture, offer for sale, or sell its ANDA Products, within the United States, including within the State of Delaware, or will import its ANDA Products into the United States, including the State of Delaware. The manufacture, use, offer for sale, sale, or importation of Zydus's ANDA Products will directly infringe the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '455, '507, '548, '140, '386, '439, '696, and '259 Patents and Zydus will actively induce and/or contribute to their infringement.

18

65.     The original complaint in this action was filed within forty-five days of Plaintiffs' receipt of Zydus Worldwide's Notice Letter, pursuant to 21 U.S.C. § 355(j)(5)(B)(iii). Accordingly, Plaintiffs are entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) and U.S.C. § 355(j)(5)(F)(ii).

**COUNT I**
**INFRINGEMENT OF THE '444 PATENT BY ZYDUS**

66.     Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–65 as if fully set forth herein.

67.     On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

68.     Plaintiffs own all rights, title, and interest in and to the '444 Patent.

69.     Zydus's ANDA Products infringe claims 1–8 of the '444 Patent.

70.     Zydus did not contest infringement of claims 1–8 of the '444 Patent in Zydus Worldwide's Notice Letter. If Zydus had a factual or legal basis to contest infringement of the claims of the '444 Patent, it was required by applicable regulations to state such a basis in the Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

71.     Zydus has infringed claims 1–8 of the '444 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a Paragraph IV certification

and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '444 Patent.

72.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '444 Patent would infringe claims 1–8 of the '444 Patent under 35 U.S.C. § 271(a), and/or Zydus would induce the infringement of and/or contribute to the infringement of claims 1–8 of the '444 Patent under 35 U.S.C. § 271 (b) and/or (c).

73.    Zydus had actual and constructive notice of the '444 Patent prior to filing ANDA No. 214296, and was aware that the filing of ANDA No. 214296 with the request for FDA approval prior to the expiration of the '444 Patent would constitute an act of infringement of the '444 Patent.

74.    Zydus filed its ANDA without adequate justification for asserting that the '444 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in certifying invalidity with respect to the '444 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

75.    Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '444 Patent. Plaintiffs do not have an adequate remedy at law, and considering the

balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT II
## INFRINGEMENT OF THE '309 PATENT BY ZYDUS

76.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–75 as if fully set forth herein.

77.    On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

78.    Plaintiffs own all rights, title, and interest in and to the '309 Patent.

79.    Zydus's ANDA Products infringe at least claims 1–7, 10, and 14 of the '309 Patent.

80.    Zydus did not contest infringement of claims 1–7, 10, and 14 of the '309 Patent in Zydus Worldwide's Notice Letter. If Zydus had a factual or legal basis to contest infringement of the claims of the '309 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

81.    Zydus has infringed at least claims 1–7, 10, and 14 of the '309 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a

Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '309 Patent.

82.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '309 Patent would infringe at least claims 1–7, 10, and 14 of the '309 Patent under 35 U.S.C. § 271(a), and/or Zydus would induce the infringement of and/or contribute to the infringement of at least claims 1–7, 10, and 14 of the '309 Patent under 35 U.S.C. § 271 (b) and/or (c).

83.    Zydus had actual and constructive notice of the '309 Patent prior to filing ANDA No. 214296, and was aware that the filing of ANDA No. 214296 with the request for FDA approval prior to the expiration of the '309 Patent would constitute an act of infringement of the '309 Patent.

84.    Zydus filed its ANDA without adequate justification for asserting that the '309 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in certifying invalidity with respect to the '309 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

85.    Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the

'309 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT III**
**INFRINGEMENT OF THE '284 PATENT BY ZYDUS**

86.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–85 as if fully set forth herein.

87.    On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

88.    Plaintiffs own all rights, title, and interest in and to the '284 Patent.

89.    Zydus's ANDA Products infringe claims 1–11 of the '284 Patent.

90.    Zydus did not contest infringement of claims 1–11 of the '284 Patent in Zydus Worldwide's Notice Letter. If Zydus had a factual or legal basis to contest infringement of the claims of the '284 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

91.    Zydus has infringed claims 1–11 of the '284 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a Paragraph IV certification

and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '284 Patent.

92.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '284 Patent would infringe claims 1–11 of the '284 Patent under 35 U.S.C. § 271(a), and Zydus would induce the infringement of and/or contribute to the infringement of claims 1–11 of the '284 Patent under 35 U.S.C. § 271 (b) and/or (c).

93.    Zydus had actual and constructive notice of the '284 Patent prior to filing ANDA No. 214296, and was aware that the filing of ANDA No. 214296 with the request for FDA approval prior to the expiration of the '284 Patent would constitute an act of infringement of the '284 Patent.

94.    Zydus filed its ANDA without adequate justification for asserting that the '284 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in certifying invalidity with respect to the '284 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

95.    Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '284 Patent. Plaintiffs do not have an adequate remedy at law, and considering the

balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT IV
## INFRINGEMENT OF THE '277 PATENT BY ZYDUS

96.     Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–95 as if fully set forth herein.

97.     On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

98.     Plaintiffs own all rights, title, and interest in and to the '277 Patent.

99.     Zydus's ANDA Products infringe at least claims 1–2, 5–8, and 11–16 of the '277 Patent.

100.    Zydus did not contest infringement of claims 1–2, 5–8, and 11–16 of the '277 Patent in Zydus Worldwide's Notice Letter. If Zydus had a factual or legal basis to contest infringement of the claims of the '277 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

101.    Zydus has infringed at least claims 1–2, 5–8, and 11–16 of the '277 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a

Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '277 Patent.

102.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '277 Patent would infringe at least claims 1–2, 5–8, and 11–16 of the '277 Patent under 35 U.S.C. § 271(a), and Zydus would induce the infringement of and/or contribute to the infringement of at least claims 1–2, 5–8, and 11–16 of the '277 Patent under 35 U.S.C. § 271 (b) and/or (c).

103.   Zydus had actual and constructive notice of the '277 Patent prior to filing ANDA No. 214296, and was aware that the filing of ANDA No. 214296 with the request for FDA approval prior to the expiration of the '277 Patent would constitute an act of infringement of the '277 Patent.

104.   Zydus filed its ANDA without adequate justification for asserting that the '277 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in certifying invalidity with respect to the '277 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

105.   Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the

'277 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT V**
**INFRINGEMENT OF THE '711 PATENT BY ZYDUS**

106.   Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–105 as if fully set forth herein.

107.   On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

108.   Plaintiffs own all rights, title, and interest in and to the '711 Patent.

109.   Zydus's ANDA Products infringe at least claims 1–2, 7, and 13 of the '711 Patent.

110.   Zydus did not contest infringement of claims 1–2 of the '711 Patent in Zydus Worldwide's Notice Letter. If Zydus had a factual or legal basis to contest infringement of the claims of the '711 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

111.   Zydus did not contend that claims 7 and 13 of the '711 Patent are invalid or unenforceable in Zydus Worldwide's Notice Letter. Zydus has infringed

at least claims 1–2 of the '711 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '711 Patent.

112.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '711 Patent would infringe at least claims 1–2  of the '711 Patent under 35 U.S.C. § 271(a), Zydus would infringe at least claims 7 and 13 of the '711 Patent under 35 U.S.C. § 271(g), and/or Zydus would induce the infringement of and/or contribute to the infringement of at least claims 1–2, 7, and 13 of the '711 Patent under 35 U.S.C. § 271 (b) and/or (c).

113.   Zydus had actual and constructive notice of the '711 Patent prior to filing ANDA No. 214296, and was aware that the filing of ANDA No. 214296 with the request for FDA approval prior to the expiration of the '711 Patent would constitute an act of infringement of the '711 Patent.

114.   Zydus filed its ANDA without adequate justification for asserting that the '711 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in certifying invalidity and/or non-infringement with respect to the '711 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and

entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

115.   Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '711 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT VI
## INFRINGEMENT OF THE '403 PATENT BY ZYDUS

116.   Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–115 as if fully set forth herein.

117.   On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

118.   Plaintiffs own all rights, title, and interest in and to the '403 Patent.

119.   Zydus's ANDA Products infringe claims 1–13 of the '403 Patent.

120.   Zydus did not contest infringement of claims 1–13 of the '403 Patent in Zydus Worldwide's Notice Letter. If Zydus had a factual or legal basis to contest infringement of the claims of the '403 Patent, it was required by applicable

regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

121.   Zydus has infringed claims 1–13 of the '403 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '403 Patent.

122.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '403 Patent would infringe claims 1–13 of the '403 Patent under 35 U.S.C. § 271(a), and/or Zydus would induce the infringement of and/or contribute to the infringement of claims 1–13 of the '403 Patent under 35 U.S.C. § 271 (b) and/or (c).

123.   Zydus had actual and constructive notice of the '403 Patent prior to filing ANDA No. 214296, and was aware that the filing of ANDA No. 214296 with the request for FDA approval prior to the expiration of the '403 Patent would constitute an act of infringement of the '403 Patent.

124.   Zydus filed its ANDA without adequate justification for asserting that the '403 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in certifying invalidity with respect to the '403 Patent renders this case "exceptional"

as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

125.   Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '403 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT VII
## INFRINGEMENT OF THE '090 PATENT BY ZYDUS

126.   Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–125 as if fully set forth herein.

127.   On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

128.   Plaintiffs own all rights, title, and interest in and to the '090 Patent.

129.   Zydus's ANDA Products infringe claims 1–2 of the '090 Patent.

130.   Zydus did not contest infringement of claims 1–2 of the '090 Patent in Zydus Worldwide's Notice Letter. If Zydus had a factual or legal basis to contest infringement of the claims of the '090 Patent, it was required by applicable

regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

131.   Zydus has infringed claims 1–2 of the '090 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '090 Patent.

132.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '090 Patent would infringe claims 1–2 of the '090 Patent under 35 U.S.C. § 271(a), and Zydus would induce the infringement of and/or contribute to the infringement of claims 1–2 of the '090 Patent under 35 U.S.C. § 271 (b) and/or (c).

133.   Zydus had actual and constructive notice of the '090 Patent prior to filing ANDA No. 214296, and was aware that the filing of ANDA No. 214296 with the request for FDA approval prior to the expiration of the '090 Patent would constitute an act of infringement of the '090 Patent.

134.   Zydus filed its ANDA without adequate justification for asserting that the '090 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in certifying invalidity with respect to the '090 Patent renders this case "exceptional"

as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

135.   Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '090 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT VIII**
**INFRINGEMENT OF THE '091 PATENT BY ZYDUS**

136.   Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–135 as if fully set forth herein.

137.   On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

138.   Plaintiffs own all rights, title, and interest in and to the '091 Patent.

139.   Zydus's ANDA Products infringe claims 1–21 of the '091 Patent.

140.   Zydus did not contest infringement of claims 1–21 of the '091 Patent in Zydus Worldwide's Notice Letter. If Zydus had a factual or legal basis to contest infringement of the claims of the '091 Patent, it was required by applicable

regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

141.   Zydus has infringed claims 1–21 of the '091 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '091 Patent.

142.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '091 Patent would infringe claims 1–21 of the '091 Patent under 35 U.S.C. § 271(a), and/or Zydus would induce the infringement of and/or contribute to the infringement of claims 1–21 of the '091 Patent under 35 U.S.C. § 271 (b) and/or (c).

143.   Zydus had actual and constructive notice of the '091 Patent prior to filing ANDA No. 214296, and was aware that the filing of ANDA No. 214296 with the request for FDA approval prior to the expiration of the '091 Patent would constitute an act of infringement of the '091 Patent.

144.   Zydus filed its ANDA without adequate justification for asserting that the '091 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in certifying invalidity with respect to the '091 Patent renders this case "exceptional"

as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

145.   Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '091 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT IX
## INFRINGEMENT OF THE '015 PATENT BY ZYDUS

146.   Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–145 as if fully set forth herein.

147.   On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

148.   Plaintiffs own all rights, title, and interest in and to the '015 Patent.

149.   Zydus's ANDA Products infringe claims 1–20 of the '015 Patent.

150.   Zydus did not contest infringement of claims 1–20 of the '015 Patent in Zydus Worldwide's Notice Letter. If Zydus had a factual or legal basis to contest infringement of the claims of the '015 Patent, it was required by applicable

regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

151.   Zydus has infringed claims 1–20 of the '015 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '015 Patent.

152.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '015 Patent would infringe claims 1–20 of the '015 Patent under 35 U.S.C. § 271(a), and Zydus would induce the infringement of and/or contribute to the infringement of claims 1–20 of the '015 Patent under 35 U.S.C. § 271 (b) and/or (c).

153.   Zydus had actual and constructive notice of the '015 Patent prior to filing ANDA No. 214296, and was aware that the filing of ANDA No. 214296 with the request for FDA approval prior to the expiration of the '015 Patent would constitute an act of infringement of the '015 Patent.

154.   Zydus filed its ANDA without adequate justification for asserting that the '015 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in certifying invalidity with respect to the '015 Patent renders this case "exceptional"

as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

155.   Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '015 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

### COUNT X
### INFRINGEMENT OF THE '079 PATENT BY ZYDUS

156.   Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–155 as if fully set forth herein.

157.   On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

158.   Plaintiffs own all rights, title, and interest in and to the '079 Patent.

159.   Zydus's ANDA Products infringe at least claims 1–7 and 11–12 of the '079 Patent.

160.   Zydus did not contest infringement of claims 1–7 and 11–12 of the '079 Patent in Zydus Worldwide's Notice Letter. If Zydus had a factual or legal basis to contest infringement of the claims of the '079 Patent, it was required by

applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

161.  Zydus has infringed at least claims 1–7 and 11–12 of the '079 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '079 Patent.

162.  On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '079 Patent would infringe at least claims 1–7 and 11–12 of the '079 Patent under 35 U.S.C. § 271(a), and/or Zydus would induce the infringement of and/or contribute to the infringement of at least claims 1–7 and 11–12 of the '079 Patent under 35 U.S.C. § 271 (b) and/or (c).

163.  Zydus had actual and constructive notice of the '079 Patent prior to filing ANDA No. 214296, and was aware that the filing of ANDA No. 214296 with the request for FDA approval prior to the expiration of the '079 Patent would constitute an act of infringement of the '079 Patent.

164.  Zydus filed its ANDA without adequate justification for asserting that the '079 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in certifying invalidity with respect to the '079 Patent renders this case "exceptional"

as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

165.   Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '079 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT XI
## INFRINGEMENT OF THE '257 PATENT BY ZYDUS

166.   Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–165 as if fully set forth herein.

167.   On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

168.   Plaintiffs own all rights, title, and interest in and to the '257 Patent.

169.   Zydus's ANDA Products infringe at least claims 1–10 and 13 of the '257 Patent.

170.   Zydus did not contest infringement of claims 1–10 and 13 of the '257 Patent in Zydus Worldwide's Notice Letter. If Zydus had a factual or legal basis to contest infringement of the claims of the '257 Patent, it was required by applicable

regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

171.   Zydus has infringed at least claims 1–10 and 13 of the '257 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '257 Patent.

172.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '257 Patent would infringe at least claims 1–10 and 13 of the '257 Patent under 35 U.S.C. § 271(a), and/or Zydus would induce the infringement of and/or contribute to the infringement of at least claims 1–10 and 13 of the '257 Patent under 35 U.S.C. § 271 (b) and/or (c).

173.   Zydus had actual and constructive notice of the '257 Patent prior to filing ANDA No. 214296, and was aware that the filing of ANDA No. 214296 with the request for FDA approval prior to the expiration of the '257 Patent would constitute an act of infringement of the '257 Patent.

174.   Zydus filed its ANDA without adequate justification for asserting that the '257 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in certifying invalidity with respect to the '257 Patent renders this case "exceptional"

as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

175.   Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '257 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT XII**
**INFRINGEMENT OF THE '753 PATENT BY ZYDUS**

176.   Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–175 as if fully set forth herein.

177.   On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.  Plaintiffs own all rights, title, and interest in and to the '753 Patent.

178.   Plaintiffs repeatedly requested Zydus to produce samples of its ANDA Products in order to be able to assess infringement. Zydus refused to do so, precluding Plaintiffs from testing Zydus's ANDA Products.

179.   On information and belief, including Zydus's refusal to provide its ANDA Products to Plaintiffs, Zydus's ANDA Products infringe at least claim 17 of the '753 Patent either literally and/or under the doctrine of equivalents.

180.   On information and belief, Zydus has infringed at least claim 17 of the '753 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '753 Patent.

181.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '753 Patent would infringe at least claim 17 of the '753 Patent under 35 U.S.C. § 271(a), and/or Zydus would induce the infringement of and/or contribute to the infringement of at least claim 17 of the '753 Patent under 35 U.S.C. § 271 (b) and/or (c).

182.   Zydus had actual and constructive notice of the '753 Patent prior to filing ANDA No. 214296, and was aware that the filing of ANDA No. 214296 with the request for FDA approval prior to the expiration of the '753 Patent would constitute an act of infringement of the '753 Patent.

183.   Zydus filed its ANDA without adequate justification for asserting that the '753 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in

certifying invalidity with respect to the '753 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

184.   Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '753 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT XIII**
**<u>INFRINGEMENT OF THE '455 PATENT BY ZYDUS</u>**

185.   Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–184 as if fully set forth herein.

186.   On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

187.   Plaintiffs own all rights, title, and interest in and to the '455 Patent.

188.   Plaintiffs repeatedly requested Zydus to produce samples of its ANDA Products in order to be able to assess infringement. Zydus refused to do so, precluding Plaintiffs from testing Zydus's ANDA Products.

189.   On information and belief, including Zydus's refusal to provide its ANDA Products to Plaintiffs, Zydus's ANDA Products infringe at least claim 1 of the '455 Patent either literally and/or under the doctrine of equivalents.

190.   On information and belief, Zydus has infringed at least claim 1 of the '455 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '455 Patent.

191.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '455 Patent would infringe at least claim 1 of the '455 Patent under 35 U.S.C. § 271(a), and/or Zydus would induce the infringement of and/or contribute to the infringement of at least claim 1 of the '455 Patent under 35 U.S.C. § 271 (b) and/or (c).

192.   Zydus had actual and constructive notice of the '455 Patent prior to filing ANDA No. 214296, and was aware that the filing of ANDA No. 214296 with the request for FDA approval prior to the expiration of the '455 Patent would constitute an act of infringement of the '455 Patent.

193.   Zydus filed its ANDA without adequate justification for asserting that the '455 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in

certifying invalidity with respect to the '455 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

194.   Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '455 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT XIV**
**INFRINGEMENT OF THE '507 PATENT BY ZYDUS**

195.   Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–194 as if fully set forth herein.

196.   On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

197.   Plaintiffs own all rights, title, and interest in and to the '507 Patent.

198.   Zydus's ANDA Products infringe at least claims 1 and 28 of the '507 Patent.

199.   Zydus has infringed at least claims 1 and 28 of the '507 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a Paragraph IV

certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '507 Patent.

200.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '507 Patent would infringe at least claims 1 and 28 of the '507 Patent under 35 U.S.C. § 271(a), and/or Zydus would induce the infringement of and/or contribute to the infringement of at least claims 1 and 28 of the '507 Patent under 35 U.S.C. § 271 (b) and/or (c).

201.   Zydus had actual and constructive notice of the '507 Patent prior to filing ANDA No. 214296, and was aware that the filing of ANDA No. 214296 with the request for FDA approval prior to the expiration of the '507 Patent would constitute an act of infringement of the '507 Patent.

202.   Zydus filed its ANDA without adequate justification for asserting that the '507 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in certifying invalidity with respect to the '507 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

203.   Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the

'507 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT XV**
**INFRINGEMENT OF THE '548 PATENT BY ZYDUS**

204.   Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–203 as if fully set forth herein.

205.   On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

206.   Plaintiffs own all rights, title, and interest in and to the '548 Patent.

207.   Zydus's ANDA Products infringe at least claims 15–16 and 18–19 of the '548 Patent.

208.   Zydus has infringed at least claims 15–16 and 18–19 of the '548 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '548 Patent.

209.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '548 Patent would infringe at least claims 15–16 and 18–19 of the '548 Patent under

35 U.S.C. § 271(a), and/or Zydus would induce the infringement of and/or contribute to the infringement of at least claims 15–16 and 18–19 of the '548 Patent under 35 U.S.C. § 271 (b) and/or (c).

210.  Zydus had actual and constructive notice of the '548 Patent prior to filing ANDA No. 214296, and was aware that the filing of ANDA No. 214296 with the request for FDA approval prior to the expiration of the '548 Patent would constitute an act of infringement of the '548 Patent.

211.  Zydus filed its ANDA without adequate justification for asserting that the '548 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in certifying invalidity with respect to the '548 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

212.  Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '548 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT XVI**
**INFRINGEMENT OF THE '140 PATENT BY ZYDUS**

213.   Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–212 as if fully set forth herein.

214.   On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

215.   Plaintiffs own all rights, title, and interest in and to the '140 Patent.

216.   Plaintiffs repeatedly requested Zydus to produce samples of its ANDA Products in order to be able to assess infringement. Zydus refused to do so, precluding Plaintiffs from testing Zydus's ANDA Products.

217.   On information and belief, including Zydus's refusal to provide its ANDA Products to Plaintiffs, Zydus's ANDA Products infringe at least claim 1 of the '140 Patent either literally and/or under the doctrine of equivalents.

218.   On information and belief, Zydus has infringed at least claim 1 of the '140 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '140 Patent.

219.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '140 Patent would infringe at least claim 1 of the '140 Patent under 35 U.S.C. § 271(a),

and/or Zydus would induce the infringement of and/or contribute to the infringement of at least claim 1 of the '140 Patent under 35 U.S.C. § 271 (b) and/or (c).

220.   Zydus had actual and constructive notice of the '140 Patent prior to filing ANDA No. 214296, and was aware that the filing of ANDA No. 214296 with the request for FDA approval prior to the expiration of the '140 Patent would constitute an act of infringement of the '140 Patent.

221.   Zydus filed its ANDA without adequate justification for asserting that the '140 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in certifying invalidity with respect to the '140 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

222.   Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '140 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT XVII
## INFRINGEMENT OF THE '386 PATENT BY ZYDUS

223.   Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–222 as if fully set forth herein.

224.   On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

225.   Plaintiffs own all rights, title, and interest in and to the '386 Patent.

226.   Zydus's ANDA Products infringe at least claims 1 and 2 of the '386 Patent.

227.   Zydus has infringed at least claims 1 and 2 of the '386 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '386 Patent.

228.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '386 Patent would infringe at least claims 1 and 2 of the '386 Patent under 35 U.S.C. § 271(a), and/or Zydus would induce the infringement of and/or contribute to the infringement of at least claims 1 and 2 of the '386 Patent under 35 U.S.C. § 271 (b) and/or (c).

229.   Zydus continues to seek approval of its ANDA without adequate justification for asserting that the '386 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in certifying invalidity with respect to the '386 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

230.   Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '386 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT XVIII
## INFRINGEMENT OF THE '439 PATENT BY ZYDUS

231.   Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–230 as if fully set forth herein.

232.   On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

233.   Plaintiffs own all rights, title, and interest in and to the '439 Patent.

234.   Zydus's ANDA Products infringe at least claims 1–4, 6, 9–12, 14, and 17 of the '439 Patent.

235.   Zydus did not contest infringement of claims 1–4, 6, 9–12, 14, and 17 of the '439 Patent in Zydus Worldwide's Notice Letter. If Zydus had a factual or legal basis to contest infringement of the claims of the '439 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

236.   Zydus has infringed at least claims 1–4, 6, 9–12, 14, and 17 of the '439 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214296 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '439 Patent.

237.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '439 Patent would infringe at least claims 1–4, 6, 9–12, 14, and 17 of the '439 Patent under 35 U.S.C. § 271(a), and Zydus would induce the infringement of and/or contribute to the infringement of at least claims 1–4, 6, 9–12, 14, and 17 of the '439 Patent under 35 U.S.C. § 271 (b) and/or (c).

238.   Zydus continues to seek approval of its ANDA without adequate justification for asserting that the '439 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA

Products. Zydus's conduct in certifying invalidity with respect to the '439 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

239. Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '439 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT XIX**
**INFRINGEMENT OF THE '696 PATENT BY ZYDUS**

240. Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–239 as if fully set forth herein.

241. On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

242. Plaintiffs own all rights, title, and interest in and to the '696 Patent.

243. Zydus's ANDA Products, or the use thereof, infringe at least claims 1, 3, and 4 of the '696 Patent.

244.   Zydus has infringed at least claims 1, 3 and 4 of the '696 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Zydus's ANDA and thereby seeking FDA approval of a generic version of IMBRUVICA® prior to the expiration of the '696 Patent. Subject matter jurisdiction over this Count exists pursuant to 35 U.S.C. § 271(e)(2)(A) and 28 U.S.C. § 1338(a). *See Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1123–25 (Fed. Cir. 2018).

245.   The '696 Patent is listed in the Orange Book for NDA No. 210563. Pursuant to 21 CFR § 314.94(a)(12)(viii)(C)(1)(ii), Zydus must submit a certification for the '696 Patent in connection with Zydus's ANDA before obtaining FDA approval of the ANDA. On January 13, 2021, Zydus's counsel represented that Zydus intends to seek permission from FDA to market its ANDA Products prior to expiration of the '696 Patent. Accordingly, a case or controversy exists between the parties regarding Zydus's infringement of the '696 Patent.

246.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '696 Patent would infringe at least claims 1, 3, and 4 of the '696 Patent under 35 U.S.C. § 271(a), and Zydus would induce the infringement of and/or contribute to the infringement of at least claims 1, 3, and 4 of the '696 Patent under 35 U.S.C. § 271 (b) and/or (c).

247.   On information and belief, Zydus continues to seek approval of its ANDA without adequate justification for asserting that the '696 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in certifying invalidity with respect to the '696 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

248.   Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '696 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT XX
## INFRINGEMENT OF THE '259 PATENT BY ZYDUS

249.   Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–248 as if fully set forth herein.

250.   On information and belief, Zydus submitted or caused the submission of ANDA No. 214296 to FDA, and thereby seeks FDA approval of Zydus's ANDA Products.

251.   Plaintiffs own all rights, title, and interest in and to the '259 Patent.

252.   Zydus's ANDA Products, or the use thereof, infringe at least claims 1–4, 6–8, and 24–25 of the '259 Patent.

253.   Zydus has infringed at least claims 1–4, 6–8, and 24–25 of the '259 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Zydus's ANDA and thereby seeking FDA approval of a generic version of IMBRUVICA® prior to the expiration of the '259 Patent. Subject matter jurisdiction over this Count exists pursuant to 35 U.S.C. § 271(e)(2)(A) and 28 U.S.C. § 1338(a). See *Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1123–25 (Fed. Cir. 2018).

254.   The '259 Patent is listed in the Orange Book for NDA No. 210563. Pursuant to 21 CFR § 314.94(a)(12)(viii)(C)(1)(ii), Zydus must submit a certification for the '259 Patent in connection with Zydus's ANDA before obtaining FDA approval of the ANDA. On January 13, 2021, Zydus's counsel represented that Zydus intends to seek permission from FDA to market its ANDA Products prior to expiration of the '259 Patent. Accordingly, a case or controversy exists between the parties regarding Zydus's infringement of the '259 Patent.

255.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Zydus's ANDA Products prior to the expiration of the '259 Patent would infringe at least claims 1–4, 6–8, and 24–25 of the '259 Patent under 35 U.S.C. § 271(a), and Zydus would induce the infringement of and/or contribute

to the infringement of at least claims 1–4, 6–8, and 24–25 of the '259 Patent under 35 U.S.C. § 271 (b) and/or (c).

256.   On information and belief, Zydus continues to seek approval of its ANDA without adequate justification for asserting that the '259 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Zydus's conduct in certifying invalidity with respect to the '259 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

257.   Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '259 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Zydus, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

(A)    A judgment that Zydus has infringed the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '455, '507, '548, '140, '386, '439, '696, and '259 Patents under 35 U.S.C. § 271(e)(2)(A);

(B)   A judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of Zydus's ANDA shall be no earlier than the last expiration date of any of the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '455, '507, '548, '140, '386, '439, '696, and '259 Patents, or any later expiration of exclusivity for any of the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '455, '507, '548, '140, '386, '439, and '696, and '259 Patents, including any extensions or regulatory exclusivities;

(C)   Entry of a permanent injunction enjoining Zydus, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with Zydus or on its behalf from commercially manufacturing, using, offering for sale, or selling its ANDA Products within the United States, or importing its ANDA Products into the United States, until the day after the expiration of the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '455, '507, '548, '140, '386, '439, '696, and '259 Patents, including any additional exclusivity period applicable to those patents, and from otherwise infringing the claims of the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '455, '507, '548, '140, '386, '439, '696, and '259 Patents;

(D)   A judgment declaring that making, using, selling, offering to sell, or importing Zydus's ANDA Products, or inducing or contributing to such conduct, would constitute infringement of the '444, '309, '284, '277, '711, '403, '090, '091,

'015, '079, '257, '753, '455, '507, '548, '140, '386, '439, '696, and '259 Patents pursuant to 35 U.S.C. § 271 (a), (b), (c), and/or (g);

(E)    A declaration under 28 U.S.C. § 2201 that if Zydus, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of Zydus's ANDA Products, it will constitute an act of infringement pursuant to 35 U.S.C. § 271 (a), (b), (c), and/or (g);

(F)    An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Zydus engages in the commercial manufacture, use, offer for sale, sale, and/or importation of its ANDA Products, or any product that infringes the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '455, '507, '548, '140, '386, '439, '696, and '259 Patents, or induces or contributes to such conduct, prior to the expiration of the patents including any additional exclusivity period applicable to those patents;

(G)    A finding that this is an exceptional case, and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

(H)    Costs and expenses in this action; and

(I)    Such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer A. Ward*

_____

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Jennifer A. Ward (#6476)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com
jward@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
Brianne Bharkhda
Chanson Chang
Nicholas L. Evoy
Justin Thomas Howell
Laura Dolbow
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Alexa Hansen
David Denuyl
Anna Q. Han
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-6000

*Attorneys for Pharmacyclics LLC*

Irena Royzman
Christine Willgoos
Marcus A. Colucci
Jennifer Liu
Jonathan R. Pepin
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Hannah Lee
Daniel Williams
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700

*Attorneys for Janssen Biotech, Inc.*

January 22, 2021